FILED

JUN 0 8 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANIEL DOAK WALKER,           )
                              )    Civil No. 07-1292-PK
         Petitioner,          )
                              )
    v.                        )
                              )
BRIAN BELLEQUE,               )
                              )    FINDINGS AND RECOMMENDATION
         Respondent.          )

Thomas J. Hester
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon  97204

    Attorney for Petitioner

John R. Kroger
Attorney General
Lester R. Huntsinger
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301

    Attorneys for Respondent

///

1 - FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge.

Petitioner Daniel Doak Walker brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Petitioner challenges the November 2002 decision of the Oregon Board of Parole and Post-Prison Supervision ("Board") deferring a parole consideration date 24 months. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) should be denied, and Judgment should enter dismissing this action with prejudice.

## BACKGROUND

In May 1989, a Multnomah County Jury convicted Walker of two counts of Arson in the First Degree. He was sentenced, as a dangerous offender, to consecutive indeterminate thirty-year terms with a 15-year minimum prison term, on each count. Respondent's Exhibit 101.

In 1990, the Board overrode the judicially imposed minimum sentences and established a parole consideration date of October 1998. In 1998, 2000 and 2002, the Board deferred Walker's parole consideration date 24 months. This case challenges the Board's 2002 action.

Petitioner sought administrative review of the Board's decision, but relief was denied. Respondent's Exhibit 103A, pp. 212-221. The Oregon Court of Appeals granted petitioner's motion for leave to proceed with judicial review. On appeal, the Oregon Court of Appeals affirmed the Board without written opinion, and

2 - FINDINGS AND RECOMMENDATION

the Oregon Supreme Court denied review. <u>Walker v. Board of Parole and Post-Prison Supervision</u>, 210 Or. App. 368, 150 P.3d 1114 (2006), <u>rev. denied</u> 342 or. 645, 158 P.3d 508 (2007); Respondent's Exhibits 102-117.

On August 30, 2007, Walker filed this action. His grounds for relief are as follows:

1. Ground One: The Oregon Board of Parole and Post-Prison Supervision erred by using the "preponderance" standard of evidence to make its finding that the condition which originally caused petitioner to be sentenced as a dangerous offender was not absent or in remission.

   Supporting Facts: Parole Board's findings must be supported by substantial evidence. ORS 183.482(8)(c), which sets the standard for judicial review, implicitly establishes the evidentiary burden for the Board as "substantial evidence in the record." When a person's liberty interests are at stake in the proceeding, the Due Process Clause of the Fourteenth Amendment requires the order be supported by nothing less than clear and convincing evidence per ORS 183.482(8)(c) and ORS 144.335(3).

2. Ground Two: Substantial evidence does not support the Parole Board's determination that the condition that rendered petitioner a danger to the health and safety of others at the time of sentencing is present and not in remission.

   Supporting Facts: The psychological evaluation conducted on me by Dr. Shellman does not contain substantial evidence to support the Board's finding that the condition for which petitioner was found a dangerous offender is present. The Parole Board's determination that the condition which made petitioner dangerous was not in remission is not supported by substantial evidence. The current diagnosis differs greatly from the original and thus, the original condition must be considered absent or in remission.

3 - FINDINGS AND RECOMMENDATION

3. Ground Three: The Parole Board erred in relying on the report of Dr. Shellman, a "psychologist" instead of a report by a "psychiatrist."

   Supporting Facts: Applying the rules in effect at the time I committed my crime in 1988, ORS 144.226 (1988), ORS 144.228(1998) and OAR 255-38-005(8), all state and specify I am to be given a complete physical, mental and psychiatric examination by a "psychiatrist" appointed by the Superintendent of the Oregon State Hospital, not an evaluation by a "psychologist" such as was done in my case by the Board contracting Dr. Shellman for my 2002 parole consideration hearing.

4. Ground Four: The Oregon Board of Parole and Post-Prison Supervision is not functioning and operating in a "constitutionally compliant manner" at all times, constantly violating its own rules as well as Oregon and Federal Rules, Laws, Statutes, the United States Constitution and inmates rights in general.

   Supporting Facts: During my parole consideration hearing held on November 20, 2002, several of my constitutional rights were violated due to the hearing not being conducted in a constitutionally compliant manner and because the State failed to abide by its own statutory commands, etc., resulting in a liberty interest violation, due process clause violation and other violations of my rights that are protected by the Fifth, Sixth, Ninth and Fourteenth Amendments to the United States Constitution as well as violations of Oregon and Federal rules, laws and statutes.

5. Ground Five: The Parole Board used my 1989 Presentence Investigation report improperly against me at my hearing and the term "personality disorder" is not a defined "mental disease or defect", plus, the term "severe emotional disturbance" is not even a legitimate DSM diagnostic term.

   Supporting Facts: The Oregon Parole Board used the term "personality disorder" obtained from my 1989 Presentence Investigation report as their reason for denying me parole. A Presentence Investigation report is "hearsay evidence" not "factual evidence" and should not have been used by the Parole Board against me in 1998, 2000 and 2002, and further, according to the Oregon legislature in ORS 161.295(2), a "personality disorder" is expressly

4 - FINDINGS AND RECOMMENDATION

       excluded from the definition of "mental disease or defect", plus, since a "severe emotional disturbance" is not a DSM diagnostic term, it should not have been introduced as evidence against me at my hearing and used to justify denial of parole and deferment for two more years, which Oregon unconstitutional [sic] rules and statutes require to justify denial and deferral of parole.

6.    Ground Six: The Oregon Parole Board has repeatedly relied on pre-conviction factors to justify its refusal to grant me parole, regardless of my exemplary prison and work records, rehabilitation programming records and excellent parole plans.

       Supporting Facts: The Parole Board has repeatedly used my prior juvenile and adult criminal history, all of which I have already been convicted and punished for in the past, as well as the circumstances of the instant crime I was convicted of in 1989 as justification to deny my parole, regardless of my exemplary prison record, self-initiated one-on-one psychological therapy sessions for ten years, my compliant programming and work records and my excellent submitted parole plans.

7.    Ground Seven: Because my "mental and emotional condition" is evaluated and defined by the Oregon Parole Board at my Board hearings, I should be afforded the same protections, privileges and rights as a patient being evaluated for the same thing before the Oregon Psychiatric Security Review Board.

       Supporting Facts: Prison inmates subjected to the requirement of a mandatory, unwarranted and unconstitutional psychological evaluation that is used against them by the Parole Board to determine an inmates mental condition, emotional condition and dangerousness to grant, or deny parole essentially should be afforded the same protections, privileges and rights as a patient being evaluated and reviewed by the "Oregon Psychiatric Security Review Board," which currently is not happening [at] Oregon prison inmates' hearings before the Oregon Parole Board.

8.    Ground Eight: The Oregon Parole Board violated the "Ex Post Facto Clause" in Article I, section 9 of the United States Constitution, violated my protected due process liberty interests under the Fourteenth Amendment to the

5 - FINDINGS AND RECOMMENDATION

United States Constitution by "unconstitutionally" increasing my prison sentence and punishment "beyond" my 120 month prison term set by the Parole Board in 1990.

Supporting Facts: The Parole Board used unconstitutional, scientifically and forensically unsubstantiated evidence and improper State procedures to extend my incarceration and punishment beyond October 9, 1998, the date I was eligible for parole when the 120 month prison term set on June 6, 1990 by the Oregon Parole Board expired.

9. Ground Nine: The Oregon Board of Parole and Post-Prison Supervision is in clear violation of the "Stipulated Order" issued by United States District Court Judge Solomon on August 31, 1979 in the case Daniels vs. Cogswell, case no.#CV 79-651.

Supporting Facts: United States District Judge Solomon stipulated in Civil No. 79-651 (1979) that all present and "future" prisoners in the custody of the Oregon Correction's Division <u>will not</u> be denied parole or have it postponed by the Oregon Parole Board due to a diagnosis of "present severe emotional disturbance," something the Oregon Parole Board has done to me in 1993, 1998, 2000, 2002 and beyond, as well as to numerous other Oregon prison inmates.

10. Ground Ten: I suspect that the Oregon Parole Board "specifically" asked Dr. Shellman, one of the Board's contracted psychologists, to prepare a "negative" psychological evaluation on me that contained false and inaccurate information, hearsay evidence, personal assumptions and speculations, unsubstantiated scientific and forensic evidence and fictitious diagnosis in Axis I & II along with false observations, phony testing procedures and results and dishonest conclusions regarding my psychological, mental and emotional health and condition at the time of his interview and evaluation of me at the Oregon State Penitentiary.

Supporting Facts: I support my suspicions and accusations on the Oregon Parole Boards's past history of hearings and evaluations that I discovered over the years by comparing notes, documents and experiences with "numerous" other "old-guideline" inmates sentenced as dangerous offenders, the results of which revealed a lot of inappropriate, unethical, illegal, unconstitutional

6 - FINDINGS AND RECOMMENDATION

        and highly questionable practices, procedures, decisions, documents, etc., in addition to the testimony in 1997 by a Dr. Dwight Mowry, psychologist contracted by the Oregon Parole Board, whom testified at an Oregon prison inmate's habeas corpus hearing that he was contacted by the Oregon Parole Board on numerous occasions and asked to evaluate certain Oregon prison inmates for future hearings before them and to give certain inmates a "specific" diagnosis of a "present severe emotional disturbance," which Dr. Mowry was testifying on behalf of at the court hearing. Finally, I know for a fact that a psychiatric evaluation of me by an honest, well trained, ethical and uncorrupted psychiatrist would result in a documented evaluation th[at] clearly shows I am currently sane, safe and mentally/emotionally normal and healthy!

11.   Ground Eleven: My appeal case #A121139 in the Oregon Court of Appeals and the Oregon Supreme Court should "not" have taken four (4) years to decide which, due to my incarceration, "adversely" affected and aggrieved me tremendously!

      Supporting Facts: Delay in adjudication of State criminal appeal of more than two years from notice of appeal to Appellate Court's decision is excessive, presumptively unconstitutional and is such a long delay as to give rise to a presumption of ineffective State process, thus rendering the State's process ineffective to protect the rights of prisoners , such as occurred in my case.

      Also, I believe it was unfair, unethical and unconstitutional to "dismiss without opinion" and "deny review" by the Oregon Circuit & Supreme Court Judges without telling me why. I cannot later address an issue I cannot obtain from a source, i.e., the reasons why dismissed and denied review, etc.

12.   Ground Twelve: My court appointed Oregon Public Defender, Irene B. Taylor, #83166 and Chief Defender Peter Gartlan, #87046 provided me with serious ineffective assistance of counsel while representing me in cases #A121139 & S054679 in the Court of Appeals of the State of Oregon and in the Supreme Court of the State of Oregon.

      Supporting Facts: On numerous occasions while representing me as my attorney in my case, Ms. Taylor

7 - FINDINGS AND RECOMMENDATION

>    justified her inability to "<u>fully</u>" and "<u>properly</u>" represent me on Oregon State Government "budget restrictions," which were used to deny requested and needed documents, investigation, correspondence, in person visits, required research and numerous other things. Ms. Taylor rejected and returned essential legal documents submitted by me for inclusion in my briefs she prepared, rendering them incomplete and ineffective in court.
>
>    Ms. Taylor failed to appear in court on November 30, 2006 to present oral arguments on my behalf in front of the judge in my case, whom then ruled against me in the case and other numerous types of ineffective assistance of counsel acts thru-out [sic] the representation by attorneys from the Oregon Office of Public Defense Services appointed to me by the Oregon Court of Appeals.

13. Ground Thirteen: The Oregon Board of Parole should not have been awarded "costs" and "prevailing party fees" in the amount of $211.00.

    >    Supporting Facts: I am incarcerated, indigent and was qualified for court appointed counsel at State expense on my Judicial Review of a parole board order issued against me in 2002. The issues presented in my case were valid questions of law made in good faith, and as an inmate, my ability to generate income to pay any costs and/or fees is substantially reduced.
    >
    >    The amount requested, $211.00, is excessive and the list of expenses shown on the Statement of Costs and Disbursements is incorrect and inflated, also, the small wages I make in the prison laundry and my meager savings from that job are exempt from execution and garnishment per ORS 18.845, 18.850, 18.855, 18.892, 18.896 and other associated execution/garnishment statutes.
    >
    >    Finally, I believe the Oregon Legislature erred when it enacted legislation that allowed for an arbitrary $100.00 "prevailing party fee" for no other reason than the fact that the prevailing party won the case. This fee is unconstitutional, unfair and unwarranted and presents an undue hardship and obstacle on Oregon prison inmates whom have the right to unrestricted access to the courts and legal representation, now being discouraged by the threat of a $100.00 fine or "prevailing party fee" if you want to call it that, a fee that seems more designed for discouraging "frivolous" cases filed by prison inmates,

not legitimate ones filed in good faith that have legitimate merit!

Respondent asks the court to deny relief on the Petition because: (1) the two claims argued in Walker's Supporting Memorandum are not in his *pro se* Petition for Writ of Habeas Corpus; (2) the argued claims were not "fairly presented" to the Oregon courts; and (3) they lack merit.

## DISCUSSION

### I. Unargued Claims

Notwithstanding the fact that respondent addressed all of the claims set forth in the *pro se* Petition, Walker fails to brief Grounds One, Two, and Four through Thirteen in his counseled supporting memorandum. Instead, Walker contends only that "[t]he law in effect at the time of [his] crime required that a medical doctor (i.e., psychiatrist) - and not a psychologist - perform the evaluation and render the diagnosis required to defer a dangerous offender's release due to a psychological disorder." Walker argues that by failing to follow this state law requiring evaluation by a psychiatrist, the Board denied him his right to due process and violated the constitutional prohibition against *ex post facto* laws. Id.[1] The court has nevertheless reviewed the record as to Grounds

---

[1] The court assumes without deciding that the argued due process and *ex post facto* claims related to the Board's reliance on a psychologist's, rather than a psychiatrist's, evaluation of Walker, were adequately raised in Ground Three of his *pro se* Petition (#2).

9 - FINDINGS AND RECOMMENDATION

One, Two and Four through Thirteen and determined that they would not entitle petitioner to relief. See 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.").

## II. Exhaustion and Procedural Default

### A. Standards

A habeas petitioner must exhaust his claims by presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. Rose v. Lundy, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" Casey v. Moore 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting Vasquez v. Hillery, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. Castille v. Peoples, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Coleman v. Thompson, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. Gray v. Netherland, 518 U.S. 152, 162 (1996); Sawyer v. Whitley, 505 U.S. 333, 337 (1992); Murray v. Carrier, 477 U.S. 478, 485 (1986).

### B.  Analysis

Walker alleges the Board's 2002 decision deferring his parole release date for 24 months based on a psychologist's, rather than a psychiatrist's, evaluation violated his due process rights and the constitutional prohibition against *ex post facto* laws.

Under Oregon law, "[f]or an issue to be preserved for purposes of appeal, it must have been raised with sufficient clarity in the trial court to put the trial court on notice that it needs to rule on the issue and for the opposing party to have an opportunity to address the issue." Ploplys v. Bryson, 188 Or.App. 49, 58, 69 P.3d 1257 (2003). Oregon's preservation requirement also extends to appeals from Parole Board decisions. Woolstrum v. Board of Parole, 141 Or.App. 332, 336-37, 918 P.2d 112 (1996)(refusing to entertain

11 - FINDINGS AND RECOMMENDATION

claim which had not been presented to the Parole Board during administrative review); Toriano v. Board of Parole, 144 Or.App. 325, 326, 925 P.2d 167 (1996)(same).

Walker sought administrative review of the Board's November 20, 2002 decision deferring a parole consideration date 24 months. Respondent's Exhibit 103-A, pp. 212-19. However, the court has carefully reviewed this request for administrative review and finds Walker failed to allege that the Board denied him his right to due process or violated the constitutional prohibition against *ex post facto* laws when it relied on a psychologist's, rather than a psychiatrist's, evaluation of him.

In its response to Walker's request for administrative review, the Board characterized him as

> alleg[ing] that there was insufficient evidence in the record to support the board's finding that [he has] a mental or emotional disturbance, deficiency, condition, or disorder predisposing you to the commission of any crime to a degree rendering you a danger to the health or safety of others. [He] further allege[s] that the board should not have considered the psychological evaluation prepared by Dr. H.F. Shellman on July 5, 2002, because [Walker] had filed a complaint against him. Finally [he] allege[s] that the board did not review or consider all of the information [he] provided it showing that [he was] no longer dangerous. [His] remaining allegations have no merit and will not be addressed by the board in this response.

Id. at 220. Because the Board made no mention of Walker's allegations that his constitutional rights were violated by the Board's reliance on a psychologist's, rather than a psychiatrist's,

12 - FINDINGS AND RECOMMENDATION

evaluation, it does not appear it was on notice of the claims at issue in this case.

Moreover, on appeal from the denial of request for administrative review, Walker acknowledged that the "theory" relating to the fact that Board relied on a psychologist's, rather than a psychiatrist's, evaluation was not raised in his request for administrative review. Respondent's Exhibit 106, pp. 3, 14. Nevertheless, he argued that the psychologist/psychiatrist theory was encompassed by his general claim that the Board erred in relying on Shellman's report. Id. at 3. I disagree. The due process and *ex post facto* claims at issue here are discreet from the other claims related to Shellman's evaluation and report.

Accordingly, because Walker failed to present the argued Ground Three claims to the Board during administrative review, they were presented to the Oregon Court of Appeals in a context in which their merits would not be considered. Because the time for presenting these claims to Oregon's courts passed long ago, the claims are now procedurally defaulted.

Walker contends respondent is judicially estopped from asserting the *ex post facto* claim is procedurally defaulted because the state is responsible for and seeks to take advantage of Walker's failure to present the *ex post facto* challenge to the Board. Memorandum in Support (#40), p. 10 (citing Whaley v. Belleque, 520 F.3d 997, 1001 (9th Cir. 2008)). Walker argues that

13 - FINDINGS AND RECOMMENDATION

because the Board repeatedly advised him that it was applying the rules in effect at the time he committed his offense, he fairly relied on the Board's representation and he "cannot now be faulted for not pursuing a contrary argument founded on speculation that the Board would later claim it did the opposite." Id. at 11. This argument is without merit.

In Whaley, the state argued before the Oregon Court of Appeals that the petitioner's challenges to his parole conditions were moot due to his reincarceration and that the court lacked jurisdiction. During federal habeas proceedings, however, the state argued the claims were not moot, but instead procedurally defaulted because the petitioner had failed to challenge the state's mootness argument on appeal. The Ninth Circuit held the state was judicially estopped from reversing its position on the mootness issue to create a procedural default barring federal review of the petitioner's claims. Whaley, 520 F.3d at 1001-02.

In this case, the state argued before the Oregon Court of Appeals that Walker failed to preserve his claim that the Board acted unconstitutionally by using a psychologist rather than a psychiatrist at the administrative level. In the alternative, the state argued that use of a psychologist was authorized under current law and that Walker had not preserved an *ex post facto* challenge at the administrative level. Unlike the circumstances in Whaley, the state's arguments made below that Walker failed to

14 - FINDINGS AND RECOMMENDATION

present due process or *ex post facto* claims relating to the Board's reliance on a psychologist's, rather than a psychiatrist's, evaluation in his request for administrative review, mirror those made here. Walker does not make further attempt to demonstrate cause and prejudice to overcome his default.

## RECOMMENDATION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) should be DENIED, and judgment should enter DISMISSING this case with prejudice.

## SCHEDULING ORDER

Objections to these Findings and Recommendation, if any, are due June 22, 2009. If no objections are filed, then the Findings and Recommendation will be referred to a United States District Judge for review and go under advisement on that date. If objections are filed, any response to the objections will be due fourteen days after the date the objections are filed and review of the Findings and Recommendation will go under advisement on that date.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the

15 - FINDINGS AND RECOMMENDATION

findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this 8th day of June, 2009.

_____
Paul Papak
United States Magistrate Judge

16 - FINDINGS AND RECOMMENDATION