FILED'09 AUG 18 11:09USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANIEL DOAK WALKER,

    Petitioner,

v.

BRIAN BELLEQUE,

    Respondent.

Civil No. 07-1292-PK

ORDER

HAGGERTY, District Judge:

Magistrate Judge Papak issued a Findings and Recommendation [45] in this action that recommended that petitioner's Petition for Writ of Habeas Corpus brought under 28 U.S.C. § 2254 should be denied, and that judgment should enter dismissing this case with prejudice.

Petitioner filed an objection to the Findings and Recommendation. When a party objects to any portion of a Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The objection was filed in a timely manner. The court has given the file of this case a *de novo* review, and has also carefully evaluated the Magistrate's Findings and Recommendations, the objection, and the entire record. For the following reasons, petitioner's objection is overruled.

1 -- ORDER

## ANALYSIS

Magistrate Judge Papak provided a thorough analysis of the facts and circumstances in this action, and the facts need be only summarized here. Petitioner was convicted of two counts of Arson in the First Degree in May 1989. He was deemed a dangerous offender and the sentencing court imposed consecutive sentences of thirty years, with a minimum fifteen-year prison term on each count. The Oregon Board of Parole and Post-Prison Supervision (Board) overrode the minimum sentences and initiated parole consideration in 1998. The Board deferred petitioner's parole consideration for twenty-four months in 1998, 2000, and 2002. Petitioner challenged the Board's 2002 decision. After unsuccessful administrative review, petitioner appealed to the Oregon Court of Appeals, which affirmed the Board without opinion; the Oregon Supreme Court subsequently denied review. Petitioner then filed this federal habeas action challenging the Board. Findings and Recommendation at 2-3 (citations omitted).

The Magistrate Judge relied upon the proper standards regarding exhaustion and procedural default in analyzing the petition. Findings and Recommendation at 10-11. Petitioner raises one objection to the Findings and Recommendation, challenging whether the Findings and Recommendation concluded correctly that petitioner's *ex post facto* claim was procedurally defaulted.

**1.    Standards**

Petitioners ordinarily are precluded from asserting claims that they failed to raise on direct appeal. *See McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). A petitioner who has procedurally defaulted a claim by failing to raise it on direct review may raise the claim only by demonstrating cause for the default and prejudice, or actual innocence. *Bousley v. United*

2 -- ORDER

*States*, 523 U.S. 614, 622 (1998) (a 28 U.S.C. § 2255 proceeding); *see also Massaro v. United States*, 538 U.S. 500, 504 (2003) ( general rule is that claims not raised on direct appeal may not be raised on collateral review without a showing of cause and prejudice). "Cause" under the cause and prejudice test must be something external to the petitioner, something that cannot be fairly attributed to him or her. *See Coleman v. Thompson*, 501 U.S. 722, 753 (1991). If a petitioner fails to show cause, a court need not consider whether actual prejudice exists. *McCleskey v. Zant*, 499 U.S. 467, 501 (1991).

Actual innocence under the actual innocence test "means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623-24.

## 2.  Petitioner's requests for review

Petitioner's request for administrative review of the Board's November 20, 2002, decision to defer parole consideration for twenty-four months omitted any allegation that the Board violated the constitutional prohibition against *ex post facto* laws when the Board relied upon a psychologist's evaluation rather than a psychiatrist's evaluation in making its determination regarding petitioner's possible parole. Petitioner argues now that respondent should be judicially estopped from relying on that omission to establish procedural default of the issue, because the Board repeatedly advised petitioner that it was in compliance with rules regarding psychiatric evaluations applicable at the time of petitioner's offense. Petitioner contends that he should not be precluded from advancing this claim because he could not have anticipated that the Board had misadvised petitioner on the laws it applied.

The Findings and Recommendation reasoned correctly that the state has consistently asserted -- before both the Oregon appellate courts and this court -- that petitioner failed to

preserve an *ex post facto* challenge. That consistency distinguishes this action from the Ninth Circuit's decision in *Whaley v. Belleque*, in which the court rejected a procedural default defense based upon the respondent's inconsistent presentations to the state court of appeals and to the federal court. 520 F.3d 997, 1001-02 (9th Cir. 2008).

It may be arguable that petitioner could not have been faulted for failing to overcome the Board's misstatements to him during his quest for administrative review. However, the Findings and Recommendation properly noted that the *ex post facto* arguments also were omitted from petitioner's judicial review efforts, and this omission compels the conclusion that such arguments must be denied as procedurally defaulted. The Findings and Recommendation fully and fairly addressed the equities presented in this action. The remainder of the Findings and Recommendation is free from error, as well.

## CONCLUSION

Petitioner's Objection [46] is overruled. This court has made a *de novo* determination that the Magistrate Judge's Findings and Recommendation [45] is free from error and is adopted. Judgment shall enter denying the Petition for Writ of Habeas Corpus [2] and dismissing this action with prejudice.

IT IS SO ORDERED.

Dated this 18 day of August, 2009.

Ancer L. Haggerty
United States District Judge